# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA P. SCIFRES, Individually and as Surviving Spouse of DANA D. SCIFRES, Deceased, and as Surviving Parent of L.D.S., a Deceased Minor, and as Parent and Next Friend of S.M.S., a Minor, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-05-1238-M ) |
| FORD MOTOR COMPANY, a Delaware corporation; TRW VEHICLE SAFETY SYSTEMS, INC., a Delaware corporation; MICHELIN NORTH AMERICA, INC., a New York corporation; MICHELIN AMERICAS RESEARCH & DEVELOPMENT CORP., a Delaware corporation; and GRACO CHILDREN'S PRODUCTS, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court are plaintiff's Motion to Quash the Deposition Notice and Subpoena Served upon Steven Holden, filed October 27, 2006, and non-party Steven Holden's Motion to Quash Deposition Notice and Subpoena Duces Tecum and for Protective Order, filed October 31, 2006. On November 13, 2006, defendant Michelin North America, Inc. ("Michelin") filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

The instant action arises out of an accident which occurred on May 20, 2005. Dana D. Scifres was driving a 1997 Ford Explorer traveling southbound on I-35 when the tire on the vehicle failed and Mrs. Scifres lost control of the vehicle. The vehicle rolled over resulting in Mrs. Scifres

and her minor son, L.D.S., being ejected from the vehicle and thereby suffering fatal injuries. Plaintiff alleges that the tire, vehicle, seatbelts, and booster seat are defective and unreasonably dangerous and contributed to cause the injuries and wrongful deaths.

Plaintiff Joshua Scifres is the surviving spouse of Dana D. Scifres. As part of the damages he is claiming, plaintiff is seeking damages for loss of consortium. Prior to the accident, plaintiff retained Steven Holden to handle an uncontested divorce action against Mrs. Scifres. Both plaintiff and Mrs. Scifres met with Mr. Holden to inform him that they wanted to file for divorce. In his deposition, plaintiff testified that he subsequently, and prior to the accident, contacted Mr. Holden and informed him that he and his wife had decided not to get a divorce. However, a petition for divorce was filed by Mr. Holden, and the divorce action was not dismissed prior to the accident.

Michelin has served plaintiff and Mr. Holden with a notice to take the deposition of Mr. Holden and a subpoena duces tecum directing Mr. Holden to produce:

> All records pertaining to the Divorce regarding the Marriage of Joshua Paul Scifres and Dana Scifres; Case No. FD-2005-1700, including, but not limited to, all pleadings, all correspondence, excluding correspondence subject to attorney-client privilege, exhibits and discovery.

Plaintiff and Mr. Holden now move this Court to quash the notice to take deposition and subpoena duces tecum and to issue a protective order prohibiting defendants from deposing Mr. Holden.

II.  Discussion

Federal Rule of Civil Procedure 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the

> deposition is to be taken may make any order which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  The party seeking to quash a deposition notice or seeking a protective order bears the burden to show good cause for it.  *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

Plaintiff and Mr. Holden assert that defendants, through plaintiff's deposition, have already discovered information about the contemplation, filing, and abandonment of the divorce action and that continuing to pursue this line of discovery with Mr. Holden would be fruitless and the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff and Mr. Holden further assert that the mere fact that a divorce petition was filed is not relevant to this action.  Michelin contends that the information sought is not cumulative or irrelevant because there is reason to doubt plaintiff's credibility and the information goes to the issue of the state of the marriage at the time of Mrs. Scifres' death.

Having carefully reviewed the parties' submissions, the Court finds that the information sought is relevant to plaintiff's loss of consortium claim.  Spousal separation, strains on a marriage, and quality of a marriage have all been considered by courts in determining whether loss of consortium damages should be awarded.  *See Price v. County of San Diego*, 165 F.R.D. 614, 622-23 (S.D. Cal. 1996); *Gelinas v. Mackey*, 465 A.2d 498, 501 (N.H. 1983); *Marlow v. Cerino*, 313 A.2d 505, 515 (Md. Ct. Spec. App. 1974).  Thus, the issues as to when plaintiff sought the divorce, why, and whether he ever instructed Mr. Holden to abandon the petition are clearly relevant.

Further, the Court finds that plaintiff and Mr. Holden have failed to establish that taking Mr. Holden's deposition would be unduly burdensome or expensive.  The Court also finds that Mr.

Holden's deposition would not be cumulative or duplicative.  While plaintiff did testify to this issue in his deposition, the Court finds that Michelin is entitled to test the veracity of plaintiff's testimony and to determine whether and when various consultations took place.

Finally, plaintiff and Mr. Holden assert that the communications between plaintiff and Mr. Holden are protected by the attorney-client privilege and, thus, are not discoverable.  Michelin asserts that plaintiff waived any attorney-client privilege with respect to communications between himself and Mr. Holden by putting the communications at issue through his loss of consortium claim and that information regarding whether a second consultation occurred between plaintiff and Mr. Holden and the timing of this alleged second consultation is not privileged information.

> Three factors are consistently applied by the courts in evaluating whether or not a party has waived an otherwise applicable privilege through some affirmative act.
> 1.  Whether the assertion of the privilege is the result of some affirmative act, such as filing suit or asserting an affirmative defense, by the asserting party.
> 2.  Whether the asserting party, through the affirmative act, put the protected information at issue by making it relevant to the case.
> 3.  If the privilege was applied, would it deny the opposing party access to information that was vital to the opposing parties defense.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 199 F.R.D. 677, 681 (N.D. Okla. 2001).

Having carefully reviewed the parties' submissions, the Court finds that all three of the above factors weigh in favor of finding that plaintiff has put his communications with Mr. Holden at issue and that plaintiff has waived the attorney-client privilege.[1]  Specifically, the Court finds that plaintiff's assertion of the attorney-client privilege is the result of his affirmative act of filing suit

---

[1] The Court would note that Mr. Holden is not plaintiff's counsel in the instant action and that, as such, Michelin need not meet the stringent test courts use when a party wishes to depose opposing counsel.

and claiming damages for loss of consortium. Second, the Court finds that, as set forth above, the substance of plaintiff's communications with Mr. Holden regarding the state of his marriage and his intentions regarding getting a divorce are at issue in this case in relation to plaintiff's loss of consortium claim. Third, the Court finds that if the privilege were applied, it would deny Michelin access to vital information needed to defend against the loss of consortium claim. Whether and when plaintiff actually contacted Mr. Holden in order to abandon the divorce petition is highly relevant to the state of the marriage at the time of Mrs. Scifres' death and is, thus, highly relevant to the issue of damages for loss of consortium.

Additionally, the Court finds that regardless of whether plaintiff has waived the attorney-client privilege, information regarding whether and when consultations occurred between plaintiff and Mr. Holden is not privileged information. "Generally, the fact that a client talked to an attorney, the date that the communications occurred, and the individuals present when the communications occurred are not privileged." *Id.* at 683.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Quash the Deposition Notice and Subpoena Served upon Steven Holden [docket no. 149] and DENIES Mr. Holden's Motion to Quash Deposition Notice and Subpoena Duces Tecum and for Protective Order [docket no. 150].

**IT IS SO ORDERED this 24th day of January, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE